UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk, # 295567, | ) C/A No. 5:14-32-RMG-KDW |
|                       Plaintiff, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| SC Dept of Corrections; | ) |
| Director, Mr. William R. Byars; | ) |
| EH Cooper Trust Fund Head Person of Establishment; | ) |
| James A. Stuckey; | ) |
| Alissa R. Collins; | ) |
| Stuckey Law Offices LLC; | ) |
| McDonald, Patrick, Poston, Hemphill & Roper LLC, Attorney at Law and Counselors; | ) |
| Ms. Susan B. Hackett, of Appellant Defense SC Commission of Indigent Defense Lawyer, and | ) |
| J Pay Head Person of Establishment, | ) |
|                       Defendants. | ) |

This case is before the court on a pro se Complaint filed by a state prison inmate.[1] Shaheen Cabbagestalk ("Plaintiff") filed a Motion for Leave to Proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 2. Plaintiff's Motion should be denied, and his Complaint should be dismissed if he fails to timely pay the full filing fee because Plaintiff is subject to the so-called "three-strikes" rule of the Prison Litigation Reform Act (PLRA), and he does not allege that he is under imminent danger of serious physical injury.

The three-strikes rule, codified at 28 U.S.C. § 1915(g), provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

28 U.S.C. § 1915(g). This three-strikes rule was enacted to bar prisoners, such as Plaintiff, who have filed prior frivolous litigation in a federal court, from pursuing certain types of federal civil litigation without prepayment of the filing fee. To avoid application of 28 U.S.C. § 1915(g), a prisoner may prepay the filing fee in full. However, Plaintiff should be aware that all civil lawsuits brought by prisoners seeking relief from a governmental entity, officer, or employee are subject to screening pursuant to 28 U.S.C. § 1915A, even those lawsuits in which the full filing fee is paid at the time of filing. *See Green v. Young*, 454 F.3d 405, 407 (4th Cir. 2006).

Plaintiff is incarcerated at the Lee Correctional Institution, part of the South Carolina Department of Corrections ("SCDC"). In the civil Complaint now under review, he objects to being required to participate in the E. H. Cooper Trust Fund account set up in his name when he first entered the SCDC prison system in 2003. Compl. 3, ECF No. 1. Apparently he was released from the 2003 sentence, but is now into a second incarceration that began in 2007. He asserts that SCDC is committing identity theft, extortion, kidnaping, and slavery against him by setting up the account and debiting it for various expenses without his consent. *Id*. He also names several attorneys and law firms who have represented SCDC at various times and asserts that they are also liable for his asserted damages because they have financially benefitted by having their fees paid from money made from the E. H. Cooper "scheme," which he states is used as a revenue producer for the state and federal governments. He also names a company called "J Pay" as a Defendant, claiming that it, too, is involved and benefitting from the alleged SCDC revenue-producing scheme against him and his fellow inmates. *Id*. Finally, Plaintiff names his current court-appointed legal counsel as a Defendant and alleges that she is providing him with ineffective assistance. *Id*. at 4. There are no allegations that Plaintiff is in danger of any kind of physical injury because of the existence of a prisoner account in his name or because of his attorney's representation.

This is the 19th civil action Plaintiff has filed in this court since May 2006. This court may take judicial notice[2] of the three civil actions filed by Plaintiff in which a "strike" has been entered because the civil actions were finally dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *Cabbagestalk v. Headquarters Classifications*, Civil Action No. 3:08-cv-03982-SB; *Cabbagestalk v. Richstad*, Civil Action No. 3:09-cv-01834-SB ; *Cabbagestalk v. SC Bar Head Person of Establishment*, Civil Action No. 5:13-cv-03037-RMG.

In light of Plaintiff's prior strikes, he cannot proceed with the instant Complaint unless his claim satisfies the exception for imminent physical harm provided by the three-strikes rule. *See* 28 U.S.C. § 1915(g); *Blakely v. Wards*, 738 F.3d 607, 610-11 (4th Cir. 2013); *McLean v. United States,* 566 F.3d 391, 397 (4th Cir. 2009); *Green v. Young*, 454 F.3d at 407. This Complaint does not fit within this exception to enable Plaintiff to proceed in forma pauperis because, as previously stated, Plaintiff does not allege that he is in imminent danger of serious physical injury from the alleged issues regarding the E.H. Cooper Trust Fund or his attorney's representation of which he complains. Therefore, to proceed with this Complaint, Plaintiff must pay the full filing fee. <u>If Plaintiff timely pays the filing fee, his Complaint will still be subject to review by the undersigned to determine if service of process should be authorized.</u>

Moreover, even if Plaintiff were not struck out, the Complaint filed in this case fails to state a viable § 1983 claim (or any other claim for that matter) against the named Defendants. Prisoner financial accounts serve a valid penological interest of keeping currency out of the hands of prisoners, who might otherwise utilize cash for nefarious reasons and disrupt prison discipline. *See* S.C. Code Ann. §§ 24-3-951, 24-3-960 (establishing that prisoners are not allowed to have cash and that cash is considered contraband in South Carolina prisons); *Baker v. Piggott*, 833 F.2d 1539, 1540 (11th Cir. 1987); *Hanvey v. Blankenship*, 631 F.2d

---

[2] *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

3

296, 297 (4th Cir. 1980); *Gray v. Lee*, 486 F. Supp. 41, 45 (D. Md. 1980). Also, this court cannot consider an ineffective assistance of counsel claim in connection with a non-habeas civil action such as this one. *See Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976) (private defense attorney does not act under color of state law for § 1983 purposes); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980) (same; court-appointed attorney).

## Recommendation

It is recommended that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be denied. It is further recommended that Plaintiff be given 15 days from the date the district judge rules on this Report to pay the filing fee (currently $350),[3] and that the Office of the Clerk of Court withhold entry of judgment until such time expires.

If Plaintiff fails to pay the filing fee within the time permitted, it is further recommended that the Complaint be dismissed without prejudice under the three-strikes rule of 28 U.S.C. § 1915(g), and that the Clerk enter the required final judgment at the close of the 15-day period permitted for payment of the filing fee.

IT IS SO RECOMMENDED.

*Kaymani D. West*

February 24, 2014                              Kaymani D. West
Florence, South Carolina                       United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[3] Effective May 1, 2013, an administrative fee of $50 was added to the filing fee of $350, thus making the total required to be paid $ 400.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).