IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shaheen Cabbagestalk, #295567, ) | |
| ) | No. 5:14-cv-32-RMG |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| SC Dept of Corrections; Director, Mr. ) | |
| William R. Byars; EH Cooper Trust Fund ) | |
| Head Person of Establishment; James A. ) | |
| Stuckey; Alissa R. Collins; Stuckey Law ) | |
| Offices LLC; McDonald, Patrick, Poston, ) | |
| Hemphill & Roper LLC, Attorney at Law ) | |
| and Counselors; Ms. Susan B. Hackett, of ) | |
| Appellant Defense SC Commission of ) | |
| Indigent Defense Lawyer, and J Pay ) | |
| Head Person of Establishment, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge. (Dkt. No. 11). For the reasons set forth below, the Court adopts the R&R as the order of the Court.

**Background**

Plaintiff, a state prisoner, filed this action pro se and has moved the Court to proceed in forma pauperis. (Dkt. Nos. 1, 2). Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) DSC, this case was assigned to a Magistrate Judge for all pretrial proceedings. Under established local procedure in this judicial district, the Magistrate Judge conducted a careful review of the Complaint pursuant to the provisions of 28 U.S.C. § 1915 and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319 (1980); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.

1978). The Magistrate Judge then issued the present R&R. (Dkt. No. 11). Plaintiff then filed objections to the R&R. (Dkt. No. 15).

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a de novo determination of those portions of the R&R to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

## Discussion

After review of the record, the R&R, and Plaintiff's objections, the Court agrees with and adopts the R&R as the order of the Court. Plaintiff has received three strikes under 28 U.S.C. § 1915(g) and therefore must pay the Court's filing fee or show that he is under imminent danger of serious physical injury. In this action, Plaintiff complains about being forced to participate in a prisoner financial account and alleges ineffective assistance of counsel. There are no allegations Plaintiff is in danger of physical injury. In his objections, Plaintiff makes the unsupported assertion that he is under threat of violence. (Dkt. No. 15). However, Plaintiff's Complaint does not relate to any threat of violence and it appears that Plaintiff is now attempting to tailor his allegations to the requirements of the statute. This will not suffice. *See Jones v. Sanford*, No. 3:05-cv-2664-MBS, 2006 WL 4470210, at *4 (D.S.C. May 4, 2006).

## Conclusion

For the reasons set forth above, the Court agrees with and adopts the R&R as the order of the Court. Accordingly, Plaintiff's motion for leave to proceed in forma pauperis is denied. (Dkt. No. 2). Further, Plaintiff shall have fifteen days from the date of the entry of this order to pay the Court's filing fee. If Plaintiff fails to pay the fee within this fifteen-day period, the Clerk shall dismiss this action without prejudice and without issuance and service of process.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

March 11, 2014
Charleston, South Carolina