IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Shaheen Cabbagestalk, #295567,        )
                                      )        No. 5:14-cv-32-RMG
            Plaintiff,                )
                                      )
      v.                              )
                                      )
                                      )        **ORDER**
SC Dept of Corrections; Director, Mr. )
William R. Byars; EH Cooper Trust Fund )
Head Person of Establishment; James A. )
Stuckey; Alissa R. Collins; Stuckey Law )
Offices LLC; McDonald, Patrick, Poston, )
Hemphill & Roper LLC, Attorney at Law )
and Counselors; Ms. Susan B. Hackett, of )
Appellant Defense SC Commission of    )
Indigent Defense Lawyer; and J Pay    )
Head Person of Establishment,         )
                                      )
            Defendants.               )
_____)

This matter is before the Court on Plaintiff's motion for reconsideration. (Dkt. No. 22).

For the reasons set forth below, the Court denies this motion and orders this case be dismissed

without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915.

Plaintiff, a state prisoner proceeding pro se, has been issued three "strikes" under 28

U.S.C. § 1915(g). On March 11, 2014, the Court issued an order stating this action would be

dismissed unless Plaintiff paid the Court's filing fee within fifteen days. (Dkt. No. 17). Plaintiff

did not pay the filing fee within this period, but filed the present motion for reconsideration.

(Dkt. No. 22).

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment;

however, the rule does not provide a standard courts may use to grant such motions. The Fourth

Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an

intervening change in controlling law; (2) to account for new evidence not available at trial; or

1

(3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pac. Ins. Co.*, 148 F.3d at 403 (internal citations omitted). Rule 59(e) provides an "extraordinary remedy that should be used sparingly." *Id.* (internal citation omitted).

Plaintiff has not presented new evidence or argued a change in the law. Rather, he summarily states that the Court should review the record again. The Court finds Plaintiff has failed to establish that the Court clearly erred in finding he is not in physical danger sufficient to warrant an exception to 28 U.S.C. § 1915(g). Therefore, Plaintiff's motion for reconsideration is DENIED. (Dkt. No. 22). Because Plaintiff has not timely paid the filing fee in accord with the Court's prior order, this action is dismissed without prejudice and without issuance and service of process.

**AND IT IS ORDERED.**

Richard Mark Gergel
United States District Court Judge

April _l_, 2014
Charleston, South Carolina

2